SWEETWATER CHAPTER

Appellee

vs.

TEEC NOS POS CHAPTER

Appellant

Decided on January 24, 1979

Donald Benally, Shiprock, New Mexico, for Appellee

Tom Tso, D.N.A., Window Rock, Arizona, for Appellant

Before NESWOOD, Acting Chief Justice, BLUEHOUSE and WALTERS, Associate Justices

NESWOOD, Acting Chief Justice

I.

This case is on appeal from a decision entered by the Honorable Charley John correcting the chapter boundary line between the Sweetwater Chapter and the Teec Nos Pos Chapter in favor of Sweetwater.

On March 17, 1978, Judge John certified findings and an opinion to this Court on various chapter boundary disputes, including this one. That opinion found in favor of the appellant as to where the actual boundary line was located.

On April 14, 1978, appellee's counsel filed a "Motion to Correct

Error" with the District Court. Appellee's motion certified that a copy had been sent to appellant's counsel, but no copy was ever received until after the matter was decided by the District Court.

Subsequently, the District Court issued an order granting the correction prayed for in appellee's motion without holding a hearing or notifying the appellant.

Further motions by the appellant were denied by the District Court and this appeal followed.

II.

There are two issues raised by this case:

1. Did the failure of the appellee to deliver a copy of the "Motion to Correct Error" deprive appellant of due process?

2. Did the District Court err in not setting the matter for a hearing?

III.

This Court believes that the appellant was, at the very least, entitled to a copy of the Motion to Correct Error and an opportunity to respond before the matter was decided by the District Court. An examination of the motion submitted reveals a certification that the pleading was sent in "April". Appellee's counsel stated that his secretary was supposed to mail it, but that he did not actually see her

do so. The appellant informs us that a copy was not received until after the District Court's decision, May 03, 1978.

Because this Court feels there is a substantial doubt as to whether a copy of the motion was timely mailed to the appellant, we must reverse the decision of the District Court entered May 03, 1978 correcting error and allow the appellant an opportunity to respond on the merits.

IV.

The Navajo Rules of Civil Procedure are unclear as to whether a motion such as the one in this case requires a hearing. Rule 7 of the Rules of Civil Procedure states in part:

"All motions shall be answered no later than

the date set for a hearing on the motion..."

On its face, the wording of this rule requires that a hearing be held because the responding party has until that date to file an answer. We are unable to find any other rule which might alter this apparent requirement.

Therefore, all motions made in the future shall require a hearing by the District Judge unless a stipulation is entered agreeing otherwise.

Because the District Judge failed to conduct a hearing on the Motion to Correct Error, the decision of the District Court entered May 03, 1978 must be reversed for this reason as well.

V.

The judgment of the District Court, entered the 3rd day of May, 1978 is hereby REVERSED. The decision entered March 17, 1978 shall stand unless otherwise modified by the District Court.

The case is REMANDED to the Shiprock District Court which shall hold a hearing on the Motion to Correct Error within thirty (30) days from the date of this opinion. Appellant shall have twenty (20) days from the date of this opinion to file a brief with the District Court.

BLUEHOUSE, Associate Justice and WALTERS, Associate Justice, concur.